# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT Of WEST VIRGINIA

Plaintiff,

Charles Godlove, Pro se
200 East Stephen St. #205
Martinsburg, WV 25401
    v.

Defendants:

Martinsburg Senior Towers LP,
200 East Stephen St.
Martinsburg, WV 25401

et al.

Millennia Housing Management Ltd.
8111 Rockside Road
Valley View, OH 44125

American Preservation Builders LLC
8111 Rockside Road #100
Cleveland, OH 44125

COMPLAINT

CIVIL ACTION NO. 3:14cv132

FILED
DEC 1 2 2014
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

---

Complaint of Discrimination Civil Fair Housing Act (the act) [42 U.S.C. 3601,et seq.] With documented acts in violation of Sections 804f3C and 8043A of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988

,

1. The Complainant Charles Godlove, Pursuit to 42 U.S. Code § 3613ab1 hereby states, "I have been discriminated on the basic of disability and have been denied reasonable modification requests." (the act). The Plaintiff a disabled person has made several requests for corrective action to be taken so as to provide "ACCESSIBLE PARKING", at the home address. On or about March 2012 requests were made to correct the number as only 2/5 parking spaces were provided and to remove the company van from accessible parking areas, requiring police intervention. The Defendants continued to use at will the Accessible Parking spaces for lawn services and others and again police intervention was needed, it was stated by Ms. Rose Valle, this was private property and outside the scope of law enforcement. Complaints continued and around April 2013 the Defendants painted new markings in an attempt to create "Accessible Parking" spots from conventional spaces. The newly formed and fallaciously constructed were without curb-cutaways as required for safe egress. Additionally the newly formed parking spaces diminished usage for all, as the required minimums were not fulfilled causing further hardships in number count and access. ADA Design 4.1.2 (5) [Americans with Disabilities Act] (Enclosure). Defined as a violation of Sec.804. [42 U.S.C. 3604] Discrimination in sale or rental of housing and other prohibited practices, it is unlawful.

2. Being a HUD subsidized building. The Defendants in this matter have ignored all requests made and receives, Federal Funds identified as: HUD assisted Housing (202,811, 221D4, Project Based Section 8) At

issue, "Discriminatory housing practice", "ACCESSIABLE PARKING SPACES", those that were created with painted lines and did not provide curb cutaways as required by Federal and State guidelines. Leaving a 7" curb height at access aisles terminus. (the act) (EXHIBIT 1 &2)

3. While most of the facts have been argued and recorded in near parallel case, Magistrate Court of Berkeley County, West Virginia, Case N0.14C000225 held on the 16th of July this year 2014. That matter was requested to be closed by the Plaintiff in fear of further retaliation by the Defendants and with hope for compliance. During the July hearing clear and undisputed ADA requirements and West Virginia State Law with code sections were shared the Defendants and a request for compliance. All relevant construction faults were clearly described and identified to Ms. Suzanne Williams-McAuliffe, Esq. attorney for Defendants at that hearing.

4. Retaliation: Many complaints over "ACCESSIBLE PARKING", the Plaintiff has made several calls to the Martinsburg Police Department, Senior Towers management, Valle, Mr. Greg Bierbaum and Ms. Pamela Hawkins and others. In pleadings on the related matter, May of this year Valle admitted to having had Plaintiff's vehicle towed from an "Accessible Parking space". And on July 15 or their about a seeded pest infestation resulting in lost of all un-washable bedding and mattress and pillows, taking more than eight weeks to be cleared of fleas at Plaintiff's rental address, with replacement costs of nearly one thousand dollars. Additionally the Plaintiff's vehicle was vandalized while parked at the home address. While

continued acts of intimidation and marginalization are on going at this time, fear and concern best describes current state for the Plaintiff.

5. Proceeding that hearing Bierbaum, Resident Advocacy Director for Millennia Housing of Ohio stated, "that there was no problem and no further action would be taken", regarding non-complaint construction of Accessible Parking, earlier he said, he reported Mr. Sinito owner of all three divisions: American Preservation Builders, Millennia Capital, and Development and that he answered no other person.

6. July 7 of this year, Bierbaum argued in an open forum that the restrictive devices installed on windows which reduce size openings at Senior Towers, Martinsburg were not going to be removed. And stated, "That can't be done because it is illegal", these stops limit window opening to 8 inches or less. On the contrary egress windows are to provide egress and to reduce openings to smaller than 5.7 sq. is a National Safety Code violation IBC 1025.2. [International Building Code] The installation of window stops constitutes eminent danger as no exit portals would be provided for residents during emergencies and refusal to comply knowingly of West Virginia State Safety and National code further jeopardizes resident's rescue/escape.

7. Defendants, Millennia Housing LTD, American Preservation Builders and Senior Towers LP, provide management, construction and housing for thousands of persons in several states all of which need full compliance

regarding ADA and IBC safety requirements. An established pattern of total disregard for residents' safety as well as death and/or great bodily harm for failures wait too many while revenues amass for the deceptive practices by the Defendants. Furthermore the Defendants knew or should have known the complications and dangers for residents and their guests. The Defendants have shown little regard for human life placing residents lives in danger with false facts and practices, retaliation and out right refusals to correct these well known issues, out right discrimination.

8. This on going matter has caused great mental anguish for the Plaintiff as well as physical and financial hardships and the loss of safe and reasonable expectations for a secure and sound living environment. Further it is hereby argued that good faith and ample time (twenty two months) has been shown, with documented grievances of DISCRIMINATION as stated and that being, "in a way that is worse than the way people are usually treated". And with only flimsy endeavors to mask as compliance, THEREFORE it is hereby DEMANDED, JUDGEMENT in the sum of FIFTY THOUSAND DOLLARS be granted for CARELESS CONDUCT OF DISCRIMINATION and failure to correct as requested. And ONE HUNDRED THOUSAND DOLLARS in Punitive damages, TOTALING ONE HUNDRED AND FIFTY THOUSAND DOLLARS, the Plaintiff also seeks further relief for reasonable attorney fees, court fees and any other such costs as they may arise.

This 12th Day of December 2014

_____

Charles Godlove

Plaintiff, Pro Se