IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

CHARLES GODLOVE

    Plaintiff,

vs.                                                                Case No.: 3:14-CV-132
                                                                 Judge Gina M. Groh

MARTINSBURG SENIOR TOWERS, LP,
MILLENNIA HOUSING MANAGEMENT LTD.,
and AMERICAN PRESERVATION BUILDERS, LLC

    Defendants.

**DEFENDANT AMERICAN PRESERVATION BUILDERS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO THE DOCTRINE OF *RES JUDICATA* AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND ALTERNATIVELY DEFENDANT AMERICAN PRESERVATION BUILDERS, LLC'S MOTION FOR A <u>MORE DEFINITE STATEMENT</u>**

Plaintiff Charles Godlove's Complaint shall be barred by *res judicata*, and shall be dismissed because it fails to state a claim upon which relief can be granted as contemplated by Rule 12(b)(6) of the Federal Rules of Civil Procedure against Defendant American Preservation Builders, LLC. As such, Defendant American Preservation Builders, LLC, respectfully requests that this Court dismiss Plaintiff Charles Godlove's Complaint against it with prejudice.

## ARGUMENT

I. **THE COURT SHALL DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO THE DOCTRINE OF *RES JUDICATA* BECAUSE PLAINTIFF'S CLAIMS HAVE BEEN LITIGATED AND DETERMINED IN A PRIOR ACTION.**

The Plaintiff's Complaint shall be dismissed pursuant to the legal doctrine of *res judicata* because the claims alleged therein have been litigated and determined in a prior action. *See,* Rule 8(c)(1) Fed. R. Civ. Pro. As the Court is aware, the underlying policy of the doctrine of *res judicata* is to permit repose on the part of defendants who have been subject to suit, so they can avoid the expenses and vexation attending relitigation of causes of actions which have been fully and fairly decided. *Sattler v. Bailey,* 184 W.Va. 212 (1990).

To that end, Defendant American Preservation Builders, LLC relies upon the uncontroverted statement of the Plaintiff in Paragraph 3 of his Complaint, which states: "While most of the facts have been argued and recorded in near parallel case, Magistrate Court of Berkeley County, West Virginia, Case No. 14C000225 held on the 16th of July this year 2014." (Plaintiff's Complaint EMCF Doc. 1). The Magistrate Court case, which is actually indexed as Case Number 14-C-2259, was brought by the Plaintiff against Defendant Martinsburg Senior Towers, L.P.'s property manager, individually, and alleged that facility parking did not comply with the requirements of the Americans with Disabilities Act ("ADA") and West Virginia State law. During a final hearing in the case before Magistrate Snow, the Plaintiff introduced evidentiary exhibits which included photos and purported ADA requirements, which are believed to be one and the same as certain exhibits filed in the instant action. (Plaintiff's Complaint EMCF Doc. 1-2 and Doc. 1-3.) Upon the conclusion of said hearing, Magistrate Snow held no judgment for the Plaintiff and dismissed the case. Upon information and belief, Defendant American Preservation Builders, LLC's review of the Magistrate Court file indicates that

Plaintiff has not appealed the dismissal, and as such, it has become a final judgment. *See*, Rule 18 of the West Virginia Rules of Civil Procedure for Magistrate Courts.

As the Court can see, Defendant American Preservation Builders, LLC posits that the Plaintiff's Complaint should be dismissed because the suit is precluded by the earlier state court action based on the same predicate facts. Simply stated, Defendant American Preservation Builders, LLC contends that the state court action evaluated the Plaintiff's claims regarding handicap parking spaces, purported ADA requirements and West Virginia state law, which included several identical exhibits filed herein, and that the state court determined that the Plaintiff's allegations were unfounded, and dismissed the same.

When evaluating a motion to dismiss on the grounds of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issues of fact. *Q Intern. Courier, Inc. v. Smoak*, 441 F.3d 214 (4th Cir. 2006). In the instant case, the Plaintiff himself has admitted that "most of the facts have been argued and recorded" in a state action. As such, Defendant American Preservation Builders, LLC believes it proper for the Court to take judicial notice of the prior proceeding.

Thus, we must turn to the elements necessary for Defendant American Preservation Builders, LLC to preclude Plaintiff's claims based on *res judicata*. In *Blake v. Charleston Area Med. Center*, 201 W.VA. 469 (1997), the West Virginia Supreme Court of Appeals held that first, there must have been a final adjudication on the merits by a court with jurisdiction; second, both the prior and current action must have involved the same parties, or individuals in privity with those parties; and third, the cause of action identified for resolution in the subsequent proceeding must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action. In explaining the third

3

element, the Court has held that the test to determine whether a cause of action is the same is "to inquire whether the same evidence would support both actions or issues… If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by *res judicata*." *Slider v. State Farm Mut. Auto Ins. Co.*, 210 W.Va. 476 (2001).

Defendant American Preservation Builders, LLC argues that it is uncontested that the state court had jurisdiction to hear the case and did in fact issue a final adjudication of the matter. Moreover, both the Plaintiff and the defendants in the federal action are the same, and/or are in privity with the same parties from the state action. Finally, the underlying issues forming the basis of the Plaintiff's discrimination claim arise from exactly the same factual allegations presented in the state court action and could have been resolved if they were presented in that action. *See*, 42 U.S.C. 3613(a)(1)(A).

WHEREFORE, Defendant American Preservation Builders, LLC respectfully requests that this Court bar the claims of Plaintiff Charles Godlove and dismiss his Complaint pursuant to the doctrine of *res judicata*.

## II. THE COURT SHALL DISMISS PLAINTIFF'S COMPLAINT BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Defendant American Preservation Builders, LLC argues that the Plaintiff's allegations contained in his Complaint are conclusory in nature, and that the Plaintiff's allegations fail to establish a factual basis that he is entitled to a presumption of truth by this Court. Moreover, Defendant American Preservation Builders, LLC posits that the Plaintiff's conclusory allegations are one and the same that were litigated in the state action discussed *supra*.

As the Court is aware, Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal on the plaintiff's failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim should be granted if the complaint does not allege enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 195, 167 L.Ed. 929 (2007). A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F. 2d 943, 952 (4th Cir. 1992). For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Fed.R.Civ.P. 8(a). *Booth v. Old Nat. Bank*, 900 F. Supp. 836, 840 (N.D.W. Va. 1995). Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). Finally, a court should deny a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991).

Turning to the Plaintiff's Complaint, Defendant American Preservation Builders, LLC argues that the Plaintiff fails to allege sufficient facts to state a claim to relief that is plausible on its face. In fact, Defendant American Preservation Builders, LLC believes that the allegations contained in the Plaintiff's Complaint, when construed in the light most favorable to the Plaintiff, establish at best, that Plaintiff believes he has been discriminated against relative to the handicap parking found at his home address, namely 200 East Stephen Street, Martinsburg, West Virginia 25401. The Plaintiff does not allege that he has been denied access to the handicap parking;

rather, the Plaintiff contends that he has made several requests for corrective action to be taken relative to the handicap parking. In support of his position, the Plaintiff alleges that the handicap parking violates the Americans with Disabilities Act; specifically, ADA Design Standard 4.12(5) (EMCF Doc. 1-3), and that the same constitutes a violation under 42 U.S.C. § 3604. Notwithstanding the fact that the same issues have been litigated in a state court action and should be barred from being relitigated before this Court, Defendant American Preservation Builders, LLC further argues that the Court should dismiss Plaintiff's Complaint because there are no facts of discrimination alleged by the Plaintiff to support his claims which would entitle him to relief. To that end, the Plaintiff has never formally submitted any written request for a modification relative to the handicap parking at 200 East Stephen Street, Martinsburg, West Virginia, 25401.

In further support of its position, Defendant American Preservation Builders, LLC states that the Plaintiff's allegations for discrimination specifically allege defects in design and construction. To that end, the plain and unambiguous language of 42 U.S.C. § 3604(f)(3)(C) states that discrimination in connection with the design and construction of covered multifamily dwellings requires that the dwellings in question must first be occupied after the date that is thirty (30) months after September 13, 1988. Thus, if the covered multifamily dwellings were constructed and occupied after that date, any allegations of discrimination are defined by subsections i – iv therein. Upon information and belief, the structure at issue in this case was constructed in 1980, and is therefore exempt from a design and construction claim.

WHEREFORE, Defendant American Preservation Builders, LLC respectfully requests that this Court dismiss the Plaintiff's Complaint because it fails to state a claim upon which relief can be granted.

### III. IF THE COURT DENIES DEFENDANT AMERICAN PRESERVATION BUIDLERS, LLC'S MOTION TO DISMISS, THEN THE COURT SHALL ORDER THE PLAINTIFF TO TIMELY FILE A MORE DEFINITE STATEMENT.

If the Court denies Defendant American Preservation Builders, LLC's Motion to Dismiss, then the Court shall order the Plaintiff to timely file a more definite statement regarding his causes of action against each discrete defendant in this civil action. Defendant American Preservation Builders, LLC believes that Plaintiff Charles Godlove's Complaint suffers from unintelligibility, and that it is so vague and ambiguous that Defendant American Preservation Builders, LLC cannot reasonably be required to file a responsive pleading.

As the Court is aware, the Federal Rules of Civil Procedure requires a Plaintiff to give a short and plain statement of the claim showing that the pleader is entitled to relief. Moreover, Federal Rule of Civil Procedure 8(d)(1) requires that each allegation must be simple, concise, and discreet. Finally, Federal Rule of Civil Procedure 8(e) allows the court to construe a plaintiff's complaint so as to do justice.

Defendant American Preservation Builders, LLC believes that the Plaintiff's Complaint is without any intelligible claim against it, or any other defendant, and as such, Plaintiff's Complaint fails to achieve the primary goal of notice pleading, which is to fully notify the opposing party as to the nature of the claims asserted. Simply stated, the Plaintiff's Complaint refers to "Defendants" throughout, and refers to discreet individuals without any factual basis relative to their alleged employment or nexus to his purported claims of discrimination. Notwithstanding the fact that Defendant American Preservation Builders, LLC believes that the only articulated claim advanced by the Plaintiff in his Complaint is barred by *res judicata* as discussed *supra*, Defendant American Preservation Builders, LLC believes that justice would

require a more definite statement so that all defendants could be fairly and properly notified of the nature of Plaintiff's claims, if necessary.

WHEREFORE, Defendant American Preservation Builders, LLC respectfully requests that this Court bar the claims of Plaintiff Charles Godlove and dismiss his Complaint pursuant to the doctrine of *res judicata;* dismiss his Complaint for failure to state a claim upon which relief can be granted; or in the alternative, order the Plaintiff to timely file a more definite statement.

Respectfully submitted this 6th day of February, 2015.

**AMERICAN PRESERVATION BUILDERS, LLC**

By Counsel,

_____
Gregory E. Kennedy, Esquire (WVSB #8730)
Franklin & Prokopik
100 South Queen Street, Suite 200
Martinsburg, WV 25401
Phone: (304) 596-2277
Facsimile: (304) 596-2111
E-mail: gkennedy@fandpnet.com
*Counsel for Defendant American Preservation Builders, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of February, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, and I HEREBY FURTHER CERTIFY that on this date I also served a true copy of the foregoing *via* United States First Class Mail, postage prepaid, upon the following:

Charles Godlove
200 East Stephen Street #205
Martinsburg, WV 25401
*Pro se Plaintiff*

Susan R. Snowden, Esquire
Martin & Seibert, L.C.
P.O. Box 1286
Martinsburg, WV 25402
*Counsel for Defendants Martinsburg Senior Towers, LP
and Millennia Housing Management Ltd.*

_____
Gregory E. Kennedy, Esquire (WVSB #8730)

9