IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES GODLOVE,**

    Plaintiff,

v.                                                                **CIVIL ACTION NO.: 3:14-CV-132**
                                                                          **(JUDGE GROH)**

**MARTINSBURG SENIOR TOWERS, LP**
**MILLENNIA HOUSING MANAGEMENT LTD., and**
**AMERICAN PRESERVATION BUILDERS LLC,**

    Defendants.

### ORDER DENYING MOTION FOR DEFAULT JUDGMENT, DENYING MOTION FOR AMENDMENT, AND SETTING DATE FOR SERVICE OF PROCESS

On this day, the above-styled matter came before this Court for consideration of Plaintiff Charles Godlove's Motion for Default Judgment [ECF 19], in which Godlove seeks an order of default judgment against Defendant Martinsburg Senior Towers, LP. Martinsburg Senior Towers responds that default judgment is improper because it was not properly served with the summons and complaint. However, Martinsburg Senior Towers states that it agrees to submit to this Court's jurisdiction and asks the Court to set a time by which it must file a responsive pleading. In his reply memorandum, Godlove contends that service was proper.[1]

---

[1] On February 18, 2015, Godlove filed a "Rule 15(a) Motion for Amendment to an Exhibit (6) and to Correct and Clarify the Former Pleading of 2-17-15." ECF 33. The February 27, 2015 document referenced is Godlove's reply memorandum. Essentially, this motion seeks leave to file a surreply as a reply memorandom is not a pleading subject to amendment under Federal Rule of Civil Procedure 15(a). See Fed. R. Civ. P. 7(a) (enumerating types of pleadings, but not including a reply memorandum); see also Marshall v. Webster Bank, N.A., Civil Action No. 3:10-CV-908 JCH, 2011 WL 219693, at *12 (D. Conn. Jan. 21, 2011) ("[A] reply memorandum is not a 'pleading.'"). Local Rule of Civil Procedure 7.02(b)(4) provides that "[p]arties shall not file surreply memoranda except by leave of court." A surreply is generally permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply memorandum. See Greene, ex rel. C.G. v. Nationwide Mut. Ins. Co., Civil Action No. 5:09-CV-134, 2010 WL 892211 (N.D.W. Va., Mar. 10, 2010). Here, Godlove seeks to file a surreply to amend his reply memorandum, not to respond to new material offered by Martinsburg Senior Towers. Thus, the Court denies Godlove's

I. Discussion

Federal Rule of Civil Procedure 55 provides for a two-step default judgment process when a defendant fails to plead or defend. Rodriguez v. Irwin, Civil Action No. 7:10-CV-102-FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). First, under Rule 55(a), "the clerk must enter the party's default" upon the plaintiff's request. Meehan, 652 F.2d at 276; see also Hayhurst v. Liberty Int'l Underwriters, Inc., Civil Action No. 5:08CV107, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 26, 2009) ("To obtain a default judgment, a party *must first seek an entry of default* under Federal Rule of Civil Procedure 55(a)." (emphasis added)). Only after the clerk enters a default may the plaintiff seek a default judgment. Fed. R. Civ. P. 55(b); see also Rodriquez, 2011 WL 737316, at *5.

Here, Godlove did not seek entry of default under Rule 55(a) before moving for default judgment. Because compliance with Rule 55(a) is a prerequisite for entry of default judgment, this motion is "not on the proper procedural footing." See Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995); see also Christenson Media Grp., Inc. v. Lang Indus., Inc., 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (stating that "Fed. R. Civ. P. 55 contemplates a two-step process in which a plaintiff must first apply to the clerk for entry of default under subsection (a)"); L & M Cos. v. Biggers III Produce, Inc., Civil Action No. 3:08cv309–RJC–DCK, 2010 WL 1439411, at *5 (W.D.N.C. Apr. 9, 2010) (noting that entry of default is a prerequisite to the entry of a default judgment). Accordingly, the Court will deny the Motion for Default Judgment.

---

motion for leave to file a surreply.

Next, the Court considers whether Martinsburg Senior Towers was properly served with the summons and complaint. A court lacks personal jurisdiction over a defendant "[i]n the absence of service of process (or waiver of service by the defendant)." <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). Here, Martinsburg Senior Towers states that it will waive proper service of process and consent to this Court exercising personal jurisdiction over it. Thus, the Court will assess whether service of process was proper and, if it was not, set a time by which Martinsburg Senior Towers must file a responsive pleading.

The Plaintiff purported to serve Martinsburg Senior Towers under Federal Rule of Civil Procedure 4(h)(1)(B) by giving a copy of the summons and complaint to Michael Blubauge at 200 East Stephen Street, Martinsburg, West Virginia. Per the process receipt and return, Mr. Blubauge was served at the direction of office manager Rose Valle.

Federal Rule of Civil Procedure 4(h)(1)(B) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> . . .
>
> > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Although Martinsburg Senior Towers has not moved to dismiss the complaint for improper service, it is instructive to note that a plaintiff has the burden of establishing the validity of

3

service in that context because service of process is also challenged here.  See O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

Martinsburg Senior Towers argues, based on its registration with the West Virginia Secretary of State, that Frank T. Sinito of 8111 Rockside Road, Suite 200, Valley View, Ohio is its agent authorized to receive service of process while Mr. Blubauge is merely an employee of co-defendant Millenia Housing Management, Ltd.  The Plaintiff responds that Ms. Valle was authorized to direct Mr. Blubauge to accept service on Martinsburg Senior Towers' behalf based on a job description attached to his reply memorandum.  The job description is for an operational specialist position with co-defendant Millenia Housing Management, not Martinsburg Senior Towers.  Ms. Valle also does not appear to have any connection to the job description as her name does not appear anywhere on it.  Thus, there is no evidence supporting the Plaintiff's position that Ms. Valle acted on Martinsburg Senior Towers' behalf.  Accordingly, Martinsburg Senior Towers was not properly served with process because Mr. Blubauge was not an agent who could accept service on its behalf per its registration with the West Virginia Secretary of State.

## II.  Conclusion

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the Motion for Default Judgment and **DENIES** the "Rule 15(a) Motion for Amendment."

Given that Martinsburg Senior Towers consents to this Court exercising personal jurisdiction despite improper service of process, the Court **ORDERS** that **Martinsburg Senior Towers, LP** must file a responsive pleading to the complaint in compliance with the Federal Rules of Civil Procedure with the date of this Order serving as the date Martinsburg

4

Senior Towers, LP was served with the summons and complaint.[2]

The Clerk is directed to transmit copies of this Order to all counsel of record herein and *pro se* parties.

**DATED:** February 19, 2015

                                                                      /s/ Gina M. Groh
                                                                      GINA M. GROH
                                                                      UNITED STATES DISTRICT JUDGE

---

[2] Even if the Clerk had entered default before Godlove moved for default judgment, a default judgment would not be warranted due to improper service. See Garris v. Gober, 554 F. App'x 211 (4th Cir. 2014) (unpublished per curiam) (affirming denial of motion for default judgment based on improper service).