# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLES GODLOVE,**

    Plaintiff,

v.                                            **CIVIL ACTION NO.: 3:14-CV-132 (GROH)**

**MARTINSBURG SENIOR TOWERS, LP**
**MILLENNIA HOUSING MANAGEMENT LTD., and**
**AMERICAN PRESERVATION BUILDERS LLC,**

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS AND DENYING AS MOOT MOTIONS FOR A MORE DEFINITE STATEMENT AND MOTION FOR TEMPORARY INJUNCTION

Currently pending before the Court are the Motions to Dismiss or for a More Definite Statement [ECF 24, 27, 36] filed by Defendants American Preservation Builders, LLC, Millenia Housing Management, Ltd. and Martinsburg Senior Towers, LP and *pro se* Plaintiff Charles Godlove's Motion for Temporary Injunction [ECF 46]. For the following reasons, the Court **GRANTS** the Motions to Dismiss, **DENIES AS MOOT** the Motions for a More Definite Statement and **DENIES AS MOOT** the Motion for Temporary Injunction.

## I. Background[1]

Plaintiff Charles Godlove is a disabled individual who resides at Martinsburg Senior Towers. In March 2012, Godlove requested that the Defendants provide more handicapped parking spaces, specifically asking that they "correct the number as only 2/5 parking spaces were provided and to remove the company van from accessible parking

---

[1] This section assumes the complaint's factual allegations are true and construes those facts in the light most favorable to Godlove. In addition, because Godlove is proceeding *pro se*, the Court liberally construes his filings. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

areas." Despite those requests, the Defendants "continued to use at will the Accessible Parking spaces for lawn services and others." Godlove continued to lodge complaints about the handicapped parking. In April 2013, "the Defendants painted new markings" in the parking lot "to create 'Accessible Parking' spots from conventional spaces." Godlove alleges the restriped parking lot was "fallaciously constructed" because they did not have "curb-cutaways as required for safe egress." Godlove also claims the restriping did not comport with the Americans with Disabilities Act ("ADA") Standards for Accessible Design because they "diminished usage for all, as the required minimums were not fulfilled causing further hardship in number count and access."

Based on the foregoing allegations, Godlove, proceeding *pro se*, initiated this case by filing a complaint against American Preservation Builders, LLC, Millenia Housing Management, Ltd. and Martinsburg Senior Towers, LP on December 12, 2014. He alleges violations of the Fair Housing Amendments Act ("FHAA").[2] Each Defendant then moved to dismiss the complaint pursuant to the doctrine of res judicata and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Defendants alternatively moved for a more definite statement under Federal Rule of Civil Procedure 12(e). Following the filing of each motion to dismiss, the Court issued a notice to the Godlove advising him of his right to file responsive material pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Godlove responded to American Preservation Builders' and Millenia Housing Management's motions to dismiss on March 16, 2015 and to Martinsburg Senior Towers' motion to dismiss on March 26, 2015. The Defendants each

---

[2] The Court construes the complaint as raising claims under the FHAA because it is titled "Complaint of Discrimination Civil Fair Housing Act."

2

filed a reply.[3] Meanwhile, on March 17, 2015, Godlove filed a motion for a temporary injunction. The Defendants responded to this motion. Godlove did not reply.

## II. Discussion

### A. Motion to Dismiss Pursuant to Doctrine of Res Judicata

The Defendants first argue the doctrine of res judicata mandates dismissal of this case because the complaint states "most of the facts have been argued and recorded in [a] near parallel case" in the Magistrate Court of Berkeley County, West Virginia and that Godlove asked the magistrate court to close that case.

The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (citation and quotation marks omitted). For res judicata to apply, "there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Id. at 354-55.

Godlove contests all of these elements and supports his position with a copy of his state court complaint. In that complaint, Godlove filed suit against Rose Valle, who appears to be the property manager at Martinsburg Senior Towers. His complaint raised the following claim against Valle: "The defendant did willfully & with malice intent have my car towed from my home address causing property damage & loss."

---

[3] On April 7, 2015, American Preservation Builders filed a reply to Godlove's response to Martinsburg Senior Towers' motion asserting that the response should not be considered as to its motion to dismiss. The Court agrees and, as such, only considers Godlove's second response as addressed to Martinsburg Senior Towers' motion.

Here, the Court cannot find the first element satisfied because the Defendants have not submitted a dismissal order or other document from which the Court can assess the issues upon which the court ruled and whether the court dismissed the case on the merits. See Struna v. Shepherdstown Planning Comm'n, Civil Action No. 3:09-cv-77, 2010 WL 3082754, at *2 (N.D.W. Va. Aug. 6, 2010) (denying motion to dismiss based on res judicata because the district court could not determine whether the state court dismissed the plaintiff's prior claim with prejudice without the complaint). Accordingly, the Court will deny the motion to dismiss based on the doctrine of res judicata.

### B. Rule 12(b)(6) Motion to Dismiss

The Defendants next move to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although Rule 8's pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The plausibility

4

standard applies to *pro se* complaints, Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), but courts liberally construe such complaints. Beaudett, 775 F.2d at 1278.

When reviewing a Rule 12(b)(6) motion, courts assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor of the plaintiff and view the allegations in a light most favorable to the plaintiff. Edwards, 178 F.3d at 243-44. Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"The FHAA forbids discrimination against any person because of a handicap or disability in the provision of services in connection with a dwelling." Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 272 (4th Cir. 2013) (citing 42 U.S.C. §§ 3601-31). The Court construes Godlove's complaint as asserting two FHAA claims under 42 U.S.C. § 3604(f)(2), which prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person."[4] These

---

[4] The Court gleans these claims from the portion of the complaint's title that states the complaint contains "documented acts in violation of Sections 804f3C and 8043A of Title VII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988" and an allegation in complaint that states, pursuant "to U.S. Code § 3613ab1 . . . 'I have been discriminated on the basic [sic] of disability and have been denied reasonable modification requests.'" However, the citation to § 8043A appears to reference 42 U.S.C. § 3604(f)(3)(A), which defines discrimination as denying a disabled individual's request to modify his residence to accommodate his disability at his own expense. Godlove is not alleging that situation. Rather, 42 U.S.C. § 3604(f)(3)(B) applies because it concerns reasonable accommodations in areas outside of an individual's residence, like the parking lot at issue here, that would not be at the disabled individual's expense.

5

claims allege that the Defendants engaged in discrimination by denying Godlove a reasonable accommodation regarding the handicapped parking, see 42 U.S.C. § 3604(f)(3)(B), and designing and constructing the handicapped parking in a manner that violates the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C). The Court will consider whether these claims are plausible in turn.

### 1. Reasonable Accommodation Claim

A reasonable accommodation claim arises under 42 U.S.C. § 3604(f)(3)(B), which defines "discrimination" as "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." The Defendants argue that this claim is not plausible. The Court agrees because Godlove does not allege sufficient facts supporting several required elements of this claim.

First, to state an accommodation claim, Godlove must show that he has a handicap as defined in the FHAA. Hardaway v. Equity Residential Mgmt., LLC, Civil Action No. DKC 11-1924, 2012 WL 3903489, at *6 (D. Md. Sept. 6, 2012). The FHAA defines "handicap" as "a physical or mental impairment which substantially limits one or more . . . major life activities, a record of having such an impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h). Here, the complaint alleges only that Godlove is disabled. There is no elaboration regarding the nature of his disability. Such a conclusory allegation of a handicap cannot support a FHAA claim. See Hardaway, 2012 WL 3903489, at *6 (granting motion to dismiss accommodation claim where plaintiffs did not describe the nature of the individual's disability); see also Hicks v. Makaha Valley Plantation Homeowners Ass'n, Civil Action No. 14-254-HG-BMK, 2015 WL 328311, at * (D. Haw. Jan.

6

26, 2015) (dismissing accommodation claim because plaintiffs did not allege the nature of the plaintiff's disability but, rather, only conclusorily alleged that he had a disability).

Even if Godlove had adequately pleaded that he has a handicap, he not sufficiently pleaded facts regarding the elements of a reasonable accommodation claim. This claim requires that a plaintiff establish "that the proposed accommodation is (1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing." Scoggins, 718 F.3d at 272. The following factors are relevant to the reasonableness analysis: "the extent to which the accommodation would undermine the legitimate purposes and effects of existing zoning regulations and the benefits that the accommodation would provide to the handicapped," "whether alternatives exist to accomplish the benefits more efficiently," and the costs of the requested accommodation. Bryant Woods Inn, Inc. v. Howard Cnty., Md., 124 F.3d 597, 604 (4th Cir. 1997). To establish the "necessary" element, a plaintiff must demonstrate "a direct linkage between the proposed accommodation and the 'equal opportunity' to be provided to the handicapped person." Id. at 604. If the requested "accommodation provides no direct amelioration of a disability's effect, it cannot be said to be 'necessary.'" Id. (citation and quotation marks omitted). Finally, "the 'equal opportunity' requirement mandates not only the level of benefit that must be sought by a reasonable accommodation but also provides a limitation on what is required." Id. The FHAA "does not require accommodations that increase a benefit to a handicapped person above that provided to a nonhandicapped person with respect to matters unrelated to the handicap." Id.

Here, Godlove bases this claim on his complaints that the restriping of the parking lot did not contain adequate curb cutaways and lacked the number of spots required by the

7

ADA Standards for Accessible Design. These are not allegations, however, indicating that Godlove asked the Defendants to take actions regarding the parking lot to accommodate his particular disability. A reasonable accommodation claim requires proof of such a specific request. Cf. Jankowski Lee & Assocs. v. Cisneros, 91 F.3d 891, (7th Cir. 1996) (analyzing whether defendants' response to an individual's request for an assigned parking spot near his building or increase in number of parking spots to accommodate his multiple sclerosis was a reasonable accommodation).

Even assuming Godlove's complaints involved a request for an accommodation, there is no plausible basis for finding the proposed accommodation was reasonable or the requisite link between his alleged disability and the proposed accommodation because there are no facts concerning the nature of Godlove's disability and the requested accommodation. See Hardaway, 2012 WL 3903489, at *6 (dismissing FHAA accommodation claim proper given failure to allege "a plausible nexus between [the individual's] disability and the alleged discriminatory acts"); see also Boldin v. Wingfield, Civil Action No. 6:10CV00010, 2010 WL 3766325, at *3 (W.D. Va. Sept. 16, 2010) (noting that, to state a reasonable accommodation claim, a plaintiff "must allege some nexus between the accommodation she sought and her disability"). In other words, the complaint does not contain sufficient facts regarding the reasonable and necessary elements. Accordingly, the Court will dismiss the reasonable accommodation claim.

### 2. Design and Construction Claim

Next, Godlove raises a design and construction discrimination claim under 42 U.S.C. § 3604(f)(3)(C). Section 3604(f)(3)(C) outlines accessibility requirements that apply to multifamily dwellings constructed for first occupancy "30 months after September 13, 1988."

8

42 U.S.C. § 3604(f)(3)(C). Thus, the effective date for this claim is March 13, 1991. Equal Rights Ctr. v. Camden Prop. Trust, Civil Action No. PJM07-2357, 2008 WL 8922896, at *10 n.13 (D. Md. Sept. 22, 2008). American Preservation Builders contends that this claim fails because Godlove does not allege facts indicating Martinsburg Senior Towers was constructed for first occupancy on or after March 13, 1991. Indeed, the complaint contains no such allegations, and Godlove's responses do not address this issue. Accordingly, the Court will dismiss this claim because there are no allegations indicating that the time requirement of § 3604(f)(3)(C) is satisfied. See Croley v. Hunting Creek Club Condo. Assoc., Civil Action No. 105CV1326CMHBRP, 2005 WL 5269272, at *2 n.2 (E.D. Va. Dec. 13, 2005) (finding building not subject to § 3604(f)(3)(C) because complaint did not allege first occupancy date requirement was met).

Having found that Godlove has not pleaded a plausible FHAA claim, the Court grants the motions to dismiss for failure to state a claim upon which relief can be granted. This ruling renders the motions for a more definite statement and motion for a temporary injunction moot. Thus, the Court will deny them as such.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendants' Motions to Dismiss based on the doctrine of res judicata. The Court **GRANTS** the Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

In light of this ruling, the Court **DENIES AS MOOT** the Defendants' Motions for a More Definite Statement and the Plaintiff's Motion for Temporary Injunction.

Accordingly, the Court **DISMISSES** this action **WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

The Court **FURTHER ORDERS** this case stricken from the Court's docket.

The Clerk is **DIRECTED** to enter Judgment in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and *pro se* parties.

**DATED:** April 21, 2015

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE